
RECEIVED
IN LAKE CHARLES, LA

JUL 2 6 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARTHA AMIE, ET AL. | : | DOCKET NO. 2:03 CV 2011 |
| VS. | : | JUDGE MINALDI |
| CITY OF JENNINGS, LOUISIANA, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Cross-Motion for Summary Judgment [doc. 152] filed by plaintiffs Martha Amie, Eleanor Beal, Jacqueline Blank, Kalanie Bourque-Newman, Jolynne Deaville-Carter, Deborah Robbin and Priscilla Wise. The defendants have opposed this motion. The plaintiffs filed a reply and the defendants filed a response to the reply.

The plaintiffs are seeking summary judgment stating that the defendant City of Jennings is not entitled to the *Faragher/Ellerth* defense based upon the following:

a) The City of Jennings failed to exercise reasonable care to prevent and promptly correct any sexually harassing behavior; and

b) The plaintiffs reasonably complied with the City of Jennings policy and Procedure Manual by reporting harassment to the EEOC and availing themselves of the court system.

The court will not repeat the exhaustive facts of this case in this ruling as they have been detailed extensively in the Court's prior rulings[1].

---

[1] The court's Memorandum Ruling dated April 6, 2005 [doc.147] and the facts detailed therein is adopted by reference.

Law and Analysis

An employer held vicariously liable for harassment on a finding that it took a tangible employment action toward an employee who either accepted or rejected a supervisor's sexual harassment is conclusively presumed to have had notice of the offending supervisor's conduct and will not be permitted to advance the affirmative defense enunciated by the Supreme Court in *Burlington Industries, Inc. v. Ellerth*[2] and *Faragher v. City of Boca Raton.*[3] In contrast, an employer that is found not to have taken a tangible employment action toward the harassed employee but is found to have maintained a hostile work environment by virtue of severe or pervasive supervisor sexual harassment may nevertheless advance the *Ellerth/Faragher* affirmative defense.[4]

Of the seven plaintiffs in this case, only Kalanie Bourque-Newman is claiming a tangible

---

[2] *See Burlington Indus. v. Ellerth*, 524 U.S. 742, 753-54, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

[3] 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *see Casiano v. AT&T Corp.*, 213 F.3d 278, 284 (5th Cir.2000)(explaining that a finding of a hostile environment will not result in vicarious liability if the employer can prove that it "exercised reasonable care to prevent and correct promptly any sexual harassment, and ··· the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise," but that this affirmative defense is not available to an employer that has taken a tangible employment action.)

[4] *See Casiano*, 213 F.3d at 283-84 (addressing the Supreme Court's "clear road map" for disposing of supervisor sexual harassment cases under Title VII as set out in *Burlington Indus. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)).

2

employment action. If Bourque-Newman shows a nexus between the tangible employment action and her acceptance or rejection of her supervisor's alleged sexual harassment, the City of Jennings can be subject to vicarious liability and would not be entitled to the *Faragher/Ellerth* defense.

For supervisor sexual harassment to be actionable as a hostile work environment claim, it must be "sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment."[5] A sexually objectionable environment must be both objectively and subjectively offensive to give rise to a cause of action under Title VII. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).[6] Determination of whether an environment is offensive or abusive requires an *ad hoc* analysis, "focusing on factors such as the frequency of the conduct, the severity of the conduct, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance."[7] If a hostile work environment is proven, the Jennings Police Department and that the City of Jennings will be vicariously liable unless it can establish both prongs of the *Ellerth/Faragher* affirmative defense. *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (C.A. 5 (La.) 2002).

To satisfy the *Ellerth/Faragher* affirmative defense the standard is that "the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior. *Ellerth, id.* and *Faragher, id.* The EEOC suggests the following Appropriate Preventative Actions:

---

[5] *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).

[6] *Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 655 (5th Cir (La) March 15, 2002).

[7] *Id.* at 655-56.

3

a.  Anti-harassment Policy;

b.  Training;

c.  Internal complaint procedure;

d.  Monitor enforcement of the policy. (EEOC Handbook, Plaintiffs' Exhibit 12).

The EEOC further recommends that the policy should:

a.  Be written and well disseminated;

b.  Protect against retaliation;

c.  Define workplace harassment;

d.  Establish a complaints procedure;

e.  Create multiple paths in the complaint process;

f.  Establish disciplinary action; and

g.  Ensure confidentiality. (EEOC Handbook, Plaintiffs' Exhibit 12).

Although the steps outlined in the EEOC Handbook are not mandatory for employers, this handbook provides an example of how the City of Jennings could have approached complaints of sex discrimination within the Police Department. The City of Jennings did nothing more than hand an employee a copy of the City's Policy upon being hired.

This court previously found that, at "the time of the incidents complained of, there was no effective sexual harassment policy or training for City employees in place, even though the City of Jennings had been sued in 2000 for sexual harassment by another female employee. The mayor received other complaints dealing with sexual harassment in 1995 and each instance was handled individually; there was never a systematic approach to dealing with sexual harassment."[8] Ignorance

---

[8] Memorandum Ruling dated April 6, 2005 [doc. 147] pp.19-20.

of what conduct constuted sexual harassment permeated every level of the Department.[9]

The City's policy placed a duty on the supervisors in the Police Department to report to superiors and to the Personnel Officer all cases of sexual harassment, regardless of how that knowledge was acquired.[10] That supervisory duty to report was not conditioned upon receiving a complaint from the victim. Based upon the evidence presented in this case, there is no genuine issue of material fact that the City of Jennings did not exercise reasonable care to prevent and promptly correct sexual harassment in the Police Department. There is also no genuine issue of material fact that the plaintiffs reasonably took advantage of the preventive or corrective opportunities offered by their employer when they filed their complaints with the EEOC.

Conclusion

The City of Jennings is not entitled to the *Faragher/Ellerth* defense. The plaintiffs' Motion for Partial Summary Judgment will be granted.

Lake Charles, Louisiana, this 15 day of July, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[9] DeLouche admitted that he never talked to subordinates about harassment and that he had never been offered training by the City. (DeLouche depo. pp. 16-18). Defendants Breaux, Hebert-Chapman and Comeaux all stated that they never received sexual harassment training and did not know what it was prior to the training after the EEOC complaints were filed. (Breaux depo. pp.17-19; Hebert-Chapman depo. pp. 12, 47; Comeaux depo. pp. 17, 25).

[10] City of Jennings Policy & Procedure Manual, adopted July 13, 1999.