RECEIVED
IN LAKE CHARLES, LA
NOV - 8 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MARTHA AMIE, ET AL. | : | DOCKET NO. 2:03 CV 2011 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| CITY OF JENNINGS, LOUISIANA, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is the defendant's Motion to Sever and/or for Separate Trials. This motion has been opposed by the plainitffs.

The Federal Rules of Civil Procedure provide that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed.R.Civ.P. 20(a). *See also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir.1996). A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined. *See* Fed.R.Civ.P. 20(a). The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974).

The Federal Rules also recognize countervailing considerations to judicial economy. Rule 42(b), for example, provides for separate trials where the efficiency of a consolidated trial is

outweighed by its potential prejudice to the litigants. *See* Fed.R.Civ.P. 42(b); *Grayson,* 79 F.3d at 1097. The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims *and* parties in the interest of judicial economy: "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966).

In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed.R.Civ.P. 13(a) governing compulsory counterclaims. *See Mosley,* 497 F.2d at 1333. For the purposes of Rule 13(a), " '[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926) (interpreting the compulsory counterclaim provision of former Equity Rule 30). Accordingly, "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley,* 497 F.2d at 1333. Several courts have concluded that allegations of a "pattern or practice" of discrimination may describe such logically related events and satisfy the same transaction requirement. In *Mosley,* perhaps the leading case on the joinder of Title VII plaintiffs under Rule 20, *see* 4 Lex K. Larson, *Employment Discrimination,* § 78.05, at 28-29 (2d ed.1994), ten black plaintiffs alleged that General Motors had a general policy of discrimination against black employees. The trial court had ordered the severance of the claims, concluding that the allegations presented a variety of issues and had little relationship to one another. *Mosley,* 497 F.2d at 1332. The Eighth Circuit reversed the trial court's order to sever plaintiffs' claims, concluding that,

2

based on its reading of Rule 20, the General Motors policy "purportedly designed to discriminate against blacks in employment ... [arose] out of the same series of transactions and occurrences." *Id.* at 1334. The court held that "[s]ince a 'state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote' was determined to arise out of the same series of transactions or occurrences, we conclude that a company-wide policy purportedly designed to discriminate against blacks in employment ... arises out of the same series of transactions or occurrences" *Id.* at 1333-34 (quoting *United States v. Mississippi*, 380 U.S. 128, 142, 85 S.Ct. 808, 815-16, 13 L.Ed.2d 717 (1965)). *See also Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1422 (S.D.N.Y.1989) ( "A company-wide policy purportedly designed to discriminate against females in employment arises out of the same series of transactions or occurrences."); *King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4, 6 (E.D.Pa.1979) (noting that allegations of a "pervasive policy of discrimination" by the employer bring the "complaints of individual Plaintiffs under the rubric of the 'same series of transactions' "); *Vulcan Soc'y of Westchester Cty. v. City of White Plains Fire Department*, 82 F.R.D. 379, 387 (S.D.N.Y.1979) (stating that transaction requirement met where Plaintiffs and would-be Plaintiffs claimed discriminatory policies and practices which included a series of exams allegedly used to discriminate against blacks); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1322 -1324 (C.A.11 (Ga.), 2000).

Rule 21 of the Fed.R.Civ.P. ("Rule 21") states, in pertinent part, that "[a]ny claim against a party may be severed and proceeded with separately." Rule 42(b) of the Fed.R.Civ.P. ("Rule 42") states, in pertinent part, that "[t]he Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ...." It is important to distinguish between severance that occurs under Rule 21 and separate

3

trials that occur under Rule 42. "Separate trials usually will result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2387.

The Court's determination as to whether it should sever the claims of the plaintiffs under Rule 21 or whether it should order separate trials under Rule 42 requires the same considerations. *Fong v. Rego Park Nursing Home*, 1996 WL 468660, *1 (E.D.N.Y. Aug.7, 1996); *German v. Federal Home Loan Mortgage Corp.*, 896 F.Supp. 1385, 1400 (S.D.N.Y.1995); *Sutton Hill Associates v. Landes*, 1988 WL 56710, *2 (S.D.N.Y. May 25, 1988). While issues under Rule 21 or Rule 42 are within the broad discretion of the trial court, *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065 (2d Cir.), *cert. denied*, 488 U.S. 848, 109 S.Ct. 128, 102 L.Ed.2d 101 (1988), the Court will consider the following factors in making such a decision: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 580 (E.D.N.Y.,1999).

*Claims arising out of the same transaction or occurrence.* There are seven plaintiffs in this case. Although these seven women worked in different capacities and their allegations of sexual harassment differ, they are all claiming harassment by the same employer, at the same place, by officers in the Jennings Police Department.

*Plaintiffs allege common questions of law or fact.* The plaintiffs all claim hostile work environment. They claim that the defendants' behavior was unwelcome, severe and pervasive. There is a common legal theory by all the plaintiffs in this case.

*Whether settlement of the claims or judicial economy would be facilitated.* Judicial economy would be facilitated by not severing these cases. The same witnesses will be required to testify at each of the trials. Separate trials would cause undue delay, additional expenses to the parties, and repetition of testimony.

*Whether prejudice would be avoided if severance were granted.* The defendant argues that severance is necessary to prevent prejudice to the defendant. The defendant argues that there is a danger that the jury will find the defendant liable solely because of the sheer number of witnesses against it and because the jury will be confused by evidence relevant to some, but not all plaintiffs. The plaintiffs argue that these potential problems can be addressed by jury instructions and the court concurs.

*Whether different witnesses and documentary proof are required for the separate claims.* Although there will be different witnesses for some of the claims, there are more witnesses in common than not.

The decision to sever trials is within the sound discretion of the court. Reviewing the facts of this case, the court finds that under Rules 20, 21 and 42, a severance is not warranted and will

deny the defendant's motion.

Lake Charles, Louisiana, this __8__ ~~day of November~~, 2005.

                                                      PATRICIA MINALDI
                                                     UNITED STATES DISTRICT JUDGE